IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 26, 2005

## STATE OF TENNESSEE v. LEON JAMES ANDERSON

**Appeal from the Criminal Court for Williamson County**
**No. II-010-103   Timothy L. Easter, Judge**

---

**No. M2004-00965-CCA-R3-CD - Filed April 29, 2005**

---

The appellant, Leon James Anderson, was indicted by the Williamson County Grand Jury for driving under the influence ("DUI"), speeding, driving with a revoked license, and fourth offense DUI. The appellant was convicted by a jury on the first three counts, and waived his right to a jury for the fourth offense DUI charge. The trial court found the appellant guilty of fourth offense DUI. The appellant was sentenced by the trial court to two (2) years for the driving under the influence fourth offense, thirty days for speeding, and six months for driving on a revoked license, all to be served concurrently. After the denial of a motion for new trial, this appeal ensued. On appeal, the appellant challenges the sufficiency of the evidence and contends his sentence is excessive. Because the evidence is sufficient to support the convictions and the sentence is not excessive, we affirm the judgment of the trial court. However, we remand the matter to the trial court for the limited purpose of correcting errors in some of the judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

G. Kline Preston, IV, Nashville, Tennessee, for the appellant, Leon James Anderson.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Ron Davis, District Attorney General, and Georgia Felner, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

On September 28, 2002, at approximately 5:30 a.m., Officer Jackie Attkisson of the Tennessee Highway Patrol was working stationary radar on I-65 South in Williamson County at mile marker 73.3 when he clocked the appellant traveling eighty-seven (87) miles per hour in a seventy (70) mile per hour speed zone. Officer Attkisson observed the appellant cross the fog line as he rounded a curve where he was parked in his patrol car. Officer Attkisson pulled onto the interstate behind the appellant, started his monitoring camera, and followed the appellant off the exit ramp at Concord Road. At this time, Officer Attkisson activated his blue lights. The appellant crossed the fog line to the left as he traveled up the exit ramp, and came to a stop at the red light at the intersection of Concord Road and the exit ramp. Officer Attkisson did not immediately exit his vehicle because he expected the appellant to drive through the intersection and pull his vehicle off the road on the right shoulder. When he realized that the appellant was not going to move his vehicle from the middle of the road, Officer Attkisson exited his vehicle and walked up to the appellant's driver's side window. Officer Attkisson detected the odor of alcohol coming from within the vehicle. The appellant admitted to Officer Attkisson at that time that he had been working earlier in the evening for Budweiser, and he admitted to drinking a couple of beers prior to being pulled over.

The appellant produced a Michigan driver's license to Officer Attkisson. When Officer Attkisson radioed the driver's license in to dispatch, it came back as revoked. Officer Attkisson then requested that the appellant exit the vehicle to perform several field sobriety tasks. Officer Attkisson asked the appellant to pace ten (10) steps heel to toe, turn around and then take ten (10) steps back to his original position. When attempting to complete the task, Officer Attkisson noticed that the appellant could not touch his heel to his toe, and was unsure about himself when he turned on the tenth step. Officer Attkisson then asked the appellant to stand on one leg with his foot extended in front of him and count from one to thirty. Officer Attkisson was mainly interested in whether the appellant could count from one to thirty. The appellant was unable to count from one to thirty, pausing and restarting several times, and was unable to keep his foot elevated as instructed. Lastly, Officer Attkisson asked the appellant to touch his finger to his nose. The appellant was successful in performing the final task as instructed.

At that time, Officer Attkisson arrested the appellant on suspicion of DUI, based on the results of the field sobriety tasks. The appellant refused to submit to a blood-alcohol test.

In January of 2003, the appellant was indicted by the Williamson County Grand Jury for DUI, speeding, driving with a revoked driver's license, and DUI fourth offense. The indictment indicated that the appellant had three prior DUI convictions - two on July 1, 1997 and one on August 24, 1999.

At the jury trial, the State introduced the testimony of Officer Attkisson. During his testimony, Officer Attkisson opined that the appellant's driving ability was impaired due to the fact that he had too much to drink. Officer Attkisson admitted on cross-examination that he was unaware of the guidelines established by the National Highway Traffic Safety Administration for driving under the influence and that he failed to ask the appellant if he had any physical impairments prior to administering the field sobriety tasks. Further, Officer Attkisson admitted that he did not fully demonstrate the one-legged-stand test by holding his own foot off of the ground for thirty (30) seconds. However, Officer Attkisson maintained that he arrested the appellant for DUI based on his performance on the field sobriety tasks.

The jury found the appellant guilty of DUI, speeding and driving on a revoked license. The appellant waived his right to a jury on the count of fourth offense DUI and, at the conclusion of the jury trial, that count was submitted to the trial court. The trial court found the appellant guilty of fourth offense DUI.

At the sentencing hearing, the presentence report listed the appellant's three prior DUI offenses in addition to a prior conviction for misdemeanor vandalism which involved an automobile accident. David Pratt of the Tennessee Department of Probation and Parole testified that he interviewed the appellant for the purposes of completing the presentence report and that the appellant did not show remorse for his actions or show an appreciation of the risk of driving under the influence. According to the transcript, the trial court sentenced the appellant as follows:

> The appropriate sentence then for Count I [DUI] and Count IV [fourth offense DUI] will be two years and a $3,000 fine.[1]
> The misdemeanor offense of speeding, the appropriate sentence is 20 days. Approve the jury's fine of $50.
> And the appropriate sentence for Count III of driving on a revoked license is six months; approve the jury's fine of $375.
> . . . .
> [T]he Court will suspend the two-year sentence in Count I after the service of 180 days in the Williamson County Jail. By statute, the first 150 of those days must be day for day.

---

[1]Although not noted by either party, we acknowledge that the judgment forms reflect that in Count I the appellant was convicted of "DUI - 4th offense," a "Class A misdemeanor" and sentenced to serve eleven (11) months and twenty-nine (29) days and that in Count IV the appellant was also convicted of "DUI - 4th offense," a "Class E felony" and sentenced to serve eleven (11) months and twenty-nine (29) days. Obviously, this is in conflict with the trial court's statements at the sentencing hearing, sentencing the appellant to two (2) years for fourth offense DUI and suspending the remainder of the sentence after the service of 180 days. As a general rule, when there is a conflict between the judgment of conviction and the transcript of the proceedings, the transcript controls. State v. Clark, 67 S.W.3d 73, 79 (Tenn. Crim. App. 2001) (citing State v. Moore, 814 S .W.2d 381, 383 (Tenn. Crim. App. 1991)). We determine that in this case there is no reason to believe that the judgments reflect anything other than a clerical error and, as a result, we have indeed relied on the sentence found in the transcript, and our opinion reflects that reliance. On remand, the trial court should correct the judgments to reflect the proper sentence.

The Court will order that the 30 days be served on the speeding.

Six months will be on the driving on a revoked will be suspended after the service of 30 days.

All sentences will run currently; one with the other.

As a condition of your probation, [appellant], after you've served your 180 days in the Williamson County Jail, you are required as a condition of probation to seek alcohol treatment.

After the denial of a motion for new trial, this appeal ensued. On appeal, the appellant challenges the sufficiency of the evidence and his sentence.

## Sufficiency of the Evidence

The appellant argues that the evidence is insufficient to support a conviction for driving under the influence. Specifically, the appellant argues that the only proof offered at trial was the "circumstantial evidence provided by Tennessee State Trooper Jackie Attkisson." The State counters that the evidence was sufficient to support the conviction.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the state. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

A person commits the offense of DUI when he is in physical control of an automobile and is under the influence of an intoxicant. Tenn. Code Ann. § 55-10-401. Viewing the evidence in a light most favorable to the State, the testimony of the officer regarding the odor of alcohol in the appellant's car, the appellant's own admission that he drank a "couple of beers" prior to leaving

work, as well as the videotape of the stop and the appellant's performance on the subsequent field sobriety tasks all support a finding of guilt on the charge of DUI. We have determined that the evidence fully supports the jury verdict. This issue is without merit.

## Sentencing

Next, the appellant challenges his sentences as excessive. Specifically, the appellant argues that the trial court erred in applying enhancement factor (2) of Tennessee Code Annotated section 40-35-114, that the appellant had "a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range" when the appellant had only a single conviction for vandalism. The State contends that the trial court did not err in sentencing the appellant to two (2) years for fourth offense DUI.

The appellant has failed to cite any authority except to quote the language of Tennessee Code Annotated section 40-35-114(2) and has failed to support his contention with any argument other than a one sentence conclusory statement that his "one conviction for vandalism is not enough to establish a so-called history for purposes of sentencing." This issue is waived. Tenn. Crim. App. R. 10(b).

Regardless of the waiver, this issue has no merit. "When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

Turning more specifically to the facts of this case, the defendant was convicted of fourth offense DUI. According to Tennessee Code Annotated section 55-10-403(a)(1), the fourth or subsequent conviction for DUI is a Class E felony,

> punishable by a fine of not less than three thousand dollars ($3,000) nor more than fifteen thousand dollars ($15,000); by confinement for not less than one hundred fifty (150) consecutive days, to be served day for day, nor more than the maximum punishment authorized for the appropriate range of a Class E felony; and the court shall prohibit the person from driving a motor vehicle for a period of five (5) years.

In calculating the sentence for a Class E felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancing but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d).[2] If both enhancing and mitigating factors are present, the trial court must start at the presumptive minimum, enhance the sentence within the range as appropriate for the enhancing factors, and then reduce the sentence as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). Undisputably, the appellant was a Range I offender; thus, one year was the minimum sentence against which the trial court was to balance any mitigating and enhancement factors.

No particular weight for each factor is prescribed by the statute. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). The weight given to each factor is left to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. Id.

The trial court found the existence of enhancement factor (2), "the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114. According to the presentence report, the appellant had a conviction for vandalism involving an automobile accident. As a result, the trial court enhanced the sentence from one (1) year to two (2) years. The trial court made it clear that it was not enhancing the appellant's sentence on the basis of the three prior DUI's, but on the vandalism conviction. This Court has recognized that a single prior misdemeanor conviction may support an enhancement of the defendant's sentence, even when unrelated in nature to the current charge. See e.g., State v. Willie Givens, No. M2000-02883-CCA-R3-CD, 2002 WL 1400049 (Tenn. Crim. App., at Nashville, June 28, 2002). The appellant has failed to prove that the sentence was improper. This issue is without merit.

---

[2]We note that the Tennessee Supreme Court has determined that despite the ability of trial judges to set sentences above the presumptive sentence based on the finding of enhancement factors neither found by a jury or admitted by a defendant, Tennessee's sentencing structure does not violate the Sixth Amendment and does not conflict with the holdings of Blakely v. Washington,___ U.S. ___ , 124 S. Ct. 2531 (2004), United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005), or United States v. FanFan, the case consolidated with Booker, because "the Reform Act [of Tennessee] authorizes a discretionary, non-mandatory sentencing procedure and requires trial judges to consider the principles of sentencing and to engage in a qualitative analysis of enhancement and mitigating factors . . . all of which serve to guide trial judges in exercising their discretion to select an appropriate sentence within the range set by the Legislature." State v. Gomez, No. M2002-01209-SC-R11-CD, 2005 WL 856848, at *27 (Tenn. Apr. 15, 2005).

Conclusion

For the foregoing reasons, we affirm the judgment of the trial court and remand the case to the trial court for the limited purpose of correcting the judgments.

_____
JERRY L. SMITH, JUDGE